IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**ROBERT L. CUTLIP, JUNE N. CUTLIP,**
**CARL G. CUTLIP and JERRY L. HESS,**

      **Plaintiffs,**

v.                                                                                               **Civil Action No. 1:20-CV-113**
                                                                                                 **(JUDGE KLEEH)**

**ABDOUL H. DIALLO, a Kentucky citizen,**
**STANLEY'S TRUCKING SALES, LLC, an**
**Ohio LLC, BIG SKY TRANSPORT, LLC, an**
**Ohio LLC, SEGADEY, LLC, a New York LLC,**
**SEGADEY AUTOLINK INTERNATIONAL, a**
**Nigeria based company, COPART, INC., a**
**Delaware Corporation, and JOHN DOES 1**
**THROUGH 12,**

      **Defendants,**

**MEMORANDUM ORDER AND OPINION**
**GRANTING PLAINTIFFS' MOTION TO COMPEL [ECF NO. 49]**

      On November 9, 2021, the Honorable District Judge Thomas S. Kleeh entered an Order, [ECF No. 64], referring Plaintiffs' Motion to Compel Defendant Abdoul Diallo to Answer Plaintiffs' First Set of Combined Discovery to Defendant Abdoul Diallo, [ECF No. 49], to the undersigned Magistrate Judge so he may, without limitation, conduct a hearing if necessary, and enter into the record a written order as to the disposition of the motion.

      The undersigned Magistrate Judge scheduled a status conference by videoconference for November 19, 2021, for the purpose of addressing the status of the Motion and considering oral arguments from both parties. Counsel J. Ryan Stewart and W. Kent Carper appeared on behalf of all Plaintiffs; Counsel Ben J. Crawley-Woods, I appeared on behalf of Defendant Abdoul H. Diallo; Counsel Charles K. Gould appeared on behalf of Stanley's Trucking Sales, LLC; Julie A.

1

Brennan appeared on behalf of Big Sky Transport, LLC; and counsel Allison M. Subacz appeared on behalf of Copart, Inc.

For reasons articulated below and stated more fully on the record, the Court **ORDERS** that Plaintiff's Motion to Compel, [ECF No. 49], be **GRANTED** and Counsel for Defendant Diallo is hereby **ORDERED** to answer Plaintiffs' discovery requests and provide responses, to the extent possible, <u>**within ten (10) days of the entry of this Order**</u>.

## I. BACKGROUND PROCEDURAL HISTORY

On December 15, 2020, Plaintiffs served their First Set of Combined Discovery to Defendant Abdoul H. Diallo containing twenty (20) interrogatories and thirty-seven (37) requests for production. [ECF No. 49-2].

On July 8, 2021, Plaintiffs filed a Motion to Compel Defendant Abdoul Diallo to Answer Plaintiffs' First Set of Combined Discovery to Defendant Abdoul Diallo. [ECF No. 49]. Within the Motion, Plaintiffs assert despite multiple extensions and the parties' attempts to confer in good faith, Defendant Diallo has failed to answer and/or otherwise respond to Plaintiffs' discovery requests within the seven months since they were initially served. Plaintiffs note their belief that Defendant Diallo's answers will shed light on the critical issue in this matter: "who was Diallo employed by and/or who hired/retained/arranged for him to operate the subject commercial truck on the day of the incident." [<u>Id</u>. at 5-6]. Accordingly, Plaintiffs request this Court enter an order granting the Motion and requiring Defendant Diallo to serve answers to the discovery requests within ten (10) days of the order's entry.

On July 21, 2021, Defendant Abdoul Diallo, by counsel, filed his Response to the Motion to Compel. [ECF No. 52]. Within the Response, counsel for the Defendant Diallo notes that Defendant's counsel was able to communicate with Defendant Diallo in preparing and submitting Answer and Affirmative Defenses and, during that communication, Defendant Diallo provided

information to his counsel that "may have some bearing on the outstanding issue" of Defendant Diallo's employment and which may be responsive to Plaintiffs' discovery requests. [Id. at 1]. However, counsel for Defendant Diallo states that since his client has travelled to Africa, "attorney-client lines of communications broke down[,]" and while Defendant's counsel has no reason to believe Diallo is being intentionally non-cooperative, counsel for Defendant Diallo is unable to verify Defendants' prior information provided to counsel or communicate further with his client before the submission of responses to Plaintiffs' discovery requests. [Id. at 2]. Defendant's counsel states there is no basis to oppose the relief requested within Plaintiffs' Motion to Compel. [Id.]

On July 23, 2021, Plaintiffs filed their Reply to Defendant's Response. [ECF No. 53]. Within the Reply, "in light of present circumstances and the critical relevant nature of the information sought," Plaintiffs request that, in addition to granting the Motion to Compel and requiring Defendant Diallo to serve answers to the discovery requests within 10 days of the order's entry, this Court grant Plaintiffs' request Defendant's counsel be "directed and compelled to provide Plaintiffs with all discoverable information Diallo has provided to his counsel, including, but not limited to, any information defendant Diallo has provided to his counsel" regardless of whether this information is verified or not. [Id. at 6].

## II. ANALYSIS

As an initial matter, the Court would note that during the Hearing on November 19, 2021, counsel for Defendant Diallo acknowledged that his firm remains unable to make contact with their client and, thus, he is still unable to verify answers to interrogatories or verify information responsive to discovery requests that was previously provided to counsel. Counsel for Defendant Diallo reaffirmed that Mr. Diallo previously provided information of counsel which may have

3

some bearing on the critical, outstanding issue of who employed Mr. Diallo to transport the truck that was involved in the subject matter.

Counsel for Defendant Diallo stated on the record that even though this information was provided during a confidential discussion between attorney and client, counsel does not believe the information to be privileged and, furthermore, believes the information provided is discoverable. Counsel for Defendant Diallo stated that if ordered by the Court to respond to Plaintiffs' discovery requests within ten (10) days as requested within Plaintiffs' Motion to Compel, he can comply with this Order.

### III. ORDER

Accordingly, for the reasons stated herein and more fully addressed on the record, it is hereby **ORDERED** that Plaintiffs' Motion to Compel Defendant Abdoul Diallo to Answer Plaintiffs' First Set of Combined Discovery to Defendant Abdoul Diallo, [ECF No. 49], is hereby **GRANTED**. Counsel for Defendant Diallo is **ORDERED** to produce, to the extent possible, **within ten days of the entry of this Order** any information responsive to the twenty (20) interrogatories and thirty-seven (37) requests for production found within Plaintiffs' First Set of Combined Discovery to Defendant Abdoul H. Diallo.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 23, 2021

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

4